UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MITCHELL DZIK,<br><br>    Plaintiff,<br>v.<br>RENEE BAKER et al.,<br><br>    Defendants. | Case No. 3:16-cv-00219-MMD-VPC<br><br>SCREENING ORDER |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF. No. 1, 1-1.) The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

I.  **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal

conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Ely State Prison ("Ely"). (ECF. No. 1-1 at 1.) Plaintiff sues defendants Ely Warden Renee Baker, Deputy Director of Prisons E.K. McDaniels, senior correctional officer Terri Dotti, the Nevada Department of Corrections, and the State Nevada.[1] (*Id.* at 2-3.) Plaintiff alleges two counts and seeks monetary relief. (*Id.* at 5, 9.)

Plaintiff alleges the following: Plaintiff requested emergency medical attention on July 6, 2015, and was told to submit a kite. (*Id.* at 4.) Over the next two days, Plaintiff submitted a kite and emergency grievance asking for emergency medical attention. (*Id.*) Plaintiff alleges he had a visible injury and was suffering excessive amounts of pain.

---

[1]The Court dismisses with prejudice all claims against the State of Nevada, as amendment would be futile. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983). Additionally, the NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, at *2 (D. Nev. June 21, 2010).

3

(*Id.*) Plaintiff additionally alleges he sustained lasting injury due to the denial of medical attention. (*Id.*) Plaintiff asserts violations of his Eighth and Fourteenth Amendment rights.

On February 25, 2016, Plaintiff filed a complaint in case number 3:16-cv-00106-MMD-VPC. He filed an amended complaint in that case on April 11, 2016. In his amended complaint, Plaintiff alleges that prison officials failed to provide him with medical attention in July 2015 and thereby violated his Eighth and Fourteenth Amendment rights. (3:16-cv-00106-MMD-VPC, ECF No. 7 at 4-6.) The Court finds Plaintiff's Eighth Amendment deliberate indifference to a serious medical need and Fourteenth Amendment due process claim in this action are duplicative of Plaintiff's claims in 3:16-cv-00106-MMD-VPC and therefore dismisses this action with prejudice.[2]

### III.  CONCLUSION

For the foregoing reasons, it is ordered Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered Plaintiff's complaint (ECF No. 1-1) is dismissed in its entirety, with prejudice as duplicative of 3:16-cv-00106-MMD-VPC.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

It is further ordered that the Clerk of the Court enter judgment accordingly.

DATED THIS 28th day of July 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] Of note, Plaintiff concedes that this action is duplicative of 3:16-cv-00106-MMD-VPC. (*See* ECF No. 1-1 at 7.) Plaintiff includes a separate defendant in this action — senior correctional officer Terri Dotti — though he provides no allegations against her in this complaint. Plaintiff has been granted leave to amend in 3:16-cv-00106-MMD-VPC and may include defendant Dotti in his second amended complaint in that action, if he so chooses.

4